RECEIVED
USDC CLERK, CHARLESTON,SC

2022 NOV 22  PM 4: 10

# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

GREGG MARCEL DIXON )
3909 Rice Shire )
Ridgeland, South Carolina 29936 )
 )
               Plaintiff, )
 ) **COMPLAINT FOR DECLARATORY AND**
 ) **INJUNCTIVE RELIEF AND**
-against- ) **DAMAGES FOR INVIDIOUS RACIAL**
 ) **DISCRIMINATION, RETALIATION FOR**
 ) **SEEKING AN OFFICE IN THE U.S.**
ROYAL LIVE OAKS ACADEMY ) **CONGRESS, CONSPIRACY, AND RELATED**
OF THE ARTS & SCIENCES ) **CLAIMS.**
CHARTER SCHOOL )
400 John Smith Road )
Hardeeville, South Carolina 29927 )
 ) **CIVIL ACTION**
KAREN WICKS, Individually, and in )
her official capacity as Executive )
Director of ROYAL LIVE OAKS ) **CASE NUMBER:** 9:22-cv-4198-BHH-MHC
ACADEMY OF THE ARTS & )
SCIENCES CHARTER SCHOOL )
400 John Smith Road )
Hardeeville, South Carolina 29927 )
 )
CHARTER INSTITUTE AT ERSKINE ) **JURY TRIAL DEMANDED**
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
 )
STEVEN ADAMSON, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )

MARTIN O'CONNOR, Individually, and            )
in his official capacity as a MEMBER of       )
the Board of Directors of the CHARTER         )
INSTITUTE AT ERSKINE,                         )
1201 Maine Street, Suite 300                  )
Columbia, South Carolina 29201                )
                                              )
STU RODMAN, Individually, and                 )
in his official capacity as a MEMBER of       )
the Board of Directors of the CHARTER         )
INSTITUTE AT ERSKINE,                         )
1201 Maine Street, Suite 300                  )
Columbia, South Carolina 29201                )
                                              )
TONY FOSTER, Individually, and                )
in his official capacity as a MEMBER of       )
the Board of Directors of the CHARTER         )
INSTITUTE AT ERSKINE,                         )
1201 Maine Street, Suite 300                  )
Columbia, South Carolina 29201                )
                                              )
GORDON QUERY, Individually, and               )
in his official capacity as a MEMBER of       )
the Board of Directors of the CHARTER         )
INSTITUTE AT ERSKINE,                         )
1201 Maine Street, Suite 300                  )
Columbia, South Carolina 29201                )
                                              )
NOEL BROWNLEE Individually, and               )
in his official capacity as a MEMBER of       )
the Board of Directors of the CHARTER         )
INSTITUTE AT ERSKINE,                         )
1201 Maine Street, Suite 300                  )
Columbia, South Carolina 29201                )

TODD CARNES, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
        Defendants. )
)
_____)

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR INVIDIOUS RACIAL DISCRIMINATION, RETALIATION FOR SEEKING AN OFFICE IN THE U.S. CONGRESS, CONSPIRACY, AND RELATED CLAIMS.

*COMES NOW the plaintiff, Gregg Marcel Dixon, acting pro se, as and for a Complaint against the defendants above named, states, alleges, and avers as follows:*

## PRELIMINARY STATEMENT

1. Plaintiff, Gregg Marcel Dixon, brings this action to recover damages for invidious racial discrimination resulting to his wrongful termination from defendant's Royal Live Oaks Academy of the Arts & Sciences Charter School and retaliation for engaging in protected activity by seeking public office in a 2022 political campaign to unseat James Clyburn as the U.S. Representative for South Carolina's 6th Congressional District.

3

2. Plaintiff, Gregg Marcel Dixon, is an experienced, award-winning, African American elementary and middle school teacher, coach, mentor and administrator who has devoted most of his adult life to the education of young children. Plaintiff enjoyed a highly successful and exceptionally appreciated career for seven years within the Jasper County (SC) School District and then almost entirely at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, from on or about June of 2012 until on or about June of 2022. Defendants have conspired to knowingly, intentionally, wantonly, recklessly and maliciously destroy plaintiff's distinguished career because of their racial animus and reckless disregard for his constitutional rights.

3. This is a case of the severe and adverse consequences of invidious racial discrimination in the workplace, where a hostile work environment has destroyed a distinguished career and many loving relationships developed with thousands of school children, parents, and community members developed over more than a decade in public education.

4. This is a case of the severe and adverse consequences of retaliation by defendants against plaintiff for plaintiff exercising his constitutional rights to free speech, right to participate freely in the political and electoral process, and right to freedom of association.

5. This is a civil action to recover damages for the deprivation of plaintiff's rights or privilege as a citizen of the United States and to be free of racial discrimination in the work place all in violation of 42 U.S.C. § 3601 et seq; 42 U.S.C. § 2000 (a) et seq.; 42 U.S.C. § 2000 (e) et seq. 29 U.S.C. § 621, et seq.; 42 U.S.C. §§ 1981, 1982, 1983, and 1985 and 1986, et seq; Title VII of the Civil Rights Act of 1964; under the First, Fifth, Fourteenth Amendments to the United States Constitution; as well under the laws of the State of South Carolina. Some facts and events detailed

4

in this Complaint are supported by digital recordings of defendants legally created or obtained by plaintiff.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to (i) 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States; and (ii) pursuant to 28 U.S.C. §§ 1343 and 1343, which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of Civil Rights of American citizens; and (iii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iv) under 42 U.S.C. § 2000e, et seq.; (v) 42 U.S.C. §§ 1981, 1982, 1983, 1985 & 1986, et seq., as amended et seq., as amended.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that the defendants maintains offices, conducts business, and resides in this judicial district, and a substantial portion of the acts that make up the basis of the Complaint occurred within this judicial district.

## DEMAND FOR TRIAL BY JURY

8. Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to triable.

## NO IMMUNITY UNDER STATE LAW

9. Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendants complained of herein were practiced with actual malice and reckless disregard towards plaintiff and his legal rights and property interests, and were willful, and constituted malicious,

intentional, willful, outrageous, reckless and flagrant misconduct, so as to deprive the defendants of any immunity under the laws of the State of South Carolina. Plaintiff further avers that any State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's federally guaranteed rights cannot be immunized by State law.

## NOTICE OF CLAIMS & EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff, at all times herein, have satisfied all requirements and conditions precedent to this lawsuit, to wit: plaintiff filed an administrative action with the U.S. Equal Employment Opportunity Commission, with an E.E.O.C. Charge Number being 415-2022-00939 and received a Determination and Notice of Rights letter dated September 29, 2022, relative to the claims alleged herein.

11. Plaintiff files this Complaint within 90 days of receiving the Determination and Notice of Rights letter from the Equal Employment Opportunity Commission.

12. Furthermore, where such requirements may not have been met, plaintiff aver that such requirements are unconstitutional and are promulgated in violation of the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and constitute a barrier prohibiting plaintiff from satisfying any mandated law, regulation or ordinance regarding a condition precedent to this lawsuit.

## PARTIES

13. At all times herein, plaintiff Gregg Marcel Dixon is a citizen of the United States and a resident of the City of Ridgeland, County of Jasper, State of South Carolina.

14. Plaintiff is an African American male.

15. Plaintiff was a salaried employee of the defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, having started teaching at the school during the 2012-2013 academic year.

16. Plaintiff, while teaching at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School selected as: School Teacher of the Year and District Teacher of the Year (2013); Academic Coach of the Year (2017-2018); received a Commendation Letter, South Carolina Department of Education (2020); Rated EVAAS 5 (Highest Rating) as a Teacher for 2015, 2016, 2017; and received bonused based on student performances from 2012 to 2018 and again in 2021 and 2022.

17. Plaintiff formed the "Committee To Elect Gregg Dixon" with the South Carolina Secretary of State, which was approved by the state on August 6, 2021.

18. On March 16, 2022, plaintiff filed requisite Democratic Party forms indicating that he intended to run for the South Carolina Congressional seat held by James Clyburn in the 6th Congressional District.

19. Plaintiff launched a vigorous campaign and appeared on the ballot for the Democratic Primary Election held in June, 2022.

20.     Defendant Royal Live Oaks Academy of the Arts & Sciences Charter School is a public Charter School duly organized and existing under the laws of the State of South Carolina and managed and overseen by defendant Charter Institute at Erskine, pursuant to South Carolina education law.

21.     Defendant Karen Wicks, at all times herein, is the Executive Director of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

22.     Defendant Charter Institute as Erskine, based in Columbia, South Carolina, is an organization duly authorized by the State of South Carolina to assemble, manage, oversee and operate public charter schools and, at all times herein, is the entity responsible for the ongoing operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School, including the hiring and firing of teachers and staff.

23.     Defendant Steven Adamson, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

24.     Defendant Martin O'Conner, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

25. Defendant Stu Rodman, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

26. Defendant Tony Foster, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

27. Defendant Gordon Query, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

28. Defendant Noel Brownlee, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

29. Defendant Todd Carnes, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

## STATEMENT OF RELEVANT FACTS

30. Plaintiff was a successful teacher, coach, mentor and administrator for more than a decade at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School with nearly automatic annual renewal contracts up until on or about May 12, 2022.

31.  On or about May 12, 2022 defendants' jointly and collectively decided not to renew plaintiff's teaching contract with defendant Karen Wicks informing plaintiff that his contract would not be renewed for the 2022-2023 academic year citing his insubordinate behavior and less than satisfactory relationships with students and parents.

32.  Defendants admonished plaintiff for being "Too Black" and called for him to reduce the appearance of what they believed were his racial and ethnic characteristics that alienated him from some students, parents and staff.

33.  In July of 2021, after discovering that plaintiff intended to engage in political activity, defendants, jointly and collectively, cautioned plaintiff that if he choose to engage in political activity, specifically, if he choose to run for the Democratic Congressional seat held by James Clyburn, it would cost him his job.

34.  In June of 2022, plaintiff appeared on the primary election ballot seeking the office of Congressman for the 6th Congressional seat of South Carolina that was held by James Clyburn, having waged a vigorous campaign during this primary election.

35.  Notwithstanding defendants' pretextual reasons for the constructive termination of the plaintiff from his decade long teaching position, defendants, acting jointly and severally, did conspire to terminate plaintiff's employment because of invidious racial discrimination and for engaging in constitutionally protected activity.

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
### Violation of 42 U.S.C. Section 1981

36.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

37.     Plaintiff alleges that defendants discriminated against him relative to his rights to be free from racial discrimination in the making of contracts for employment in violation of 42 U.S.C. Section 1981.

38.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

39.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

40.     Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. Section 1981
### (Retaliation)

41. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

42. Plaintiff was retaliated against by defendants for engaging in a protected activity including running for public office and filing an EEOC complaint.

43. Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

44. Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

45. Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION
## VIOLATION OF FIRST AMENDMENT RIGHTS

46.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

47.     Plaintiff asserts that all defendants, individually and in their official capacities, retaliated against plaintiff, by way of not renewing his contract, he chose to run for elected public office.

48.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

49.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

50.     Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of CIVIL RIGHTS ACT OF 1964

51. The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

52. Plaintiff asserts that the defendants conduct in intentionally discriminating against him as an African American was knowingly and reckless made in violation of the Civil Rights Act of 1964.

53. Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

54. Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

55. Further, plaintiff asserts that each defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## PRAYER FOR RELIEF

*WHEREFORE*, plaintiff demands judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and ever Count of this Complaint;

(c) issue a declaratory judgment finding defendants' termination of plaintiff was illegal and unconstitutional;

(d) issue an Order requiring defendants to remove any and all adverse letters, notes, or memos from plaintiff's employee records or file under their custody and control and to permanently enjoin defendants from releasing the same to any third party;

(e) award plaintiff compensatory damages in the amount of $5,000,000 (Five-Million Dollars);

(f) hold all defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(g) award plaintiff punitive damages against defendants;

(h) grant an Order restraining defendants from any retaliation in any form against plaintiff or his family;

(i) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

15

(j) award plaintiff attorney fees and costs;

(k) make further Orders as the Court deem just, necessary and proper.

Dated: November 22, 2022
      Charleston, South Carolina

                                  Respectfully Submitted,

                                  *Gregg Marcel Dixon*
                                  Gregg Marcel Dixon
                                  Plaintiff, Pro Se
                                  3909 Rice Shire
                                  Ridgeland, South Carolina
                                  (843) 305-1358
                                  E-Mail: gmarceldixon@gmail.com