THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

GREGG MARCEL DIXON                )
3909 Rice Shire                   )
Ridgeland, South Carolina 29936   )
                                  )
            Plaintiff,            )        **AMENDED COMPLAINT FOR**
                                  )        **DECLARATORY AND INJUNCTIVE RELIEF**
                                  )        **AND DAMAGES FOR INVIDIOUS RACIAL**
-against-                         )        **DISCRIMINATION, RETALIATION FOR**
                                  )        **SEEKING AN OFFICE IN THE U.S.**
                                  )        **CONGRESS, CONSPIRACY, AND RELATED**
ROYAL LIVE OAKS ACADEMY           )        **CLAIMS.**
OF THE ARTS & SCIENCES            )
CHARTER SCHOOL                    )
400 John Smith Road               )        **CIVIL ACTION**
Hardeeville, South Carolina 29927 )
                                  )
KAREN WICKS, Individually, and in )
her official capacity as Executive )
Director of ROYAL LIVE OAKS       )        **CASE NUMBER: 9:22-cv-04198-BHH-MHC**
ACADEMY OF THE ARTS &             )
SCIENCES CHARTER SCHOOL           )
400 John Smith Road               )
Hardeeville, South Carolina 29927 )
                                  )
JAMES E. CLYBURN                  )        **JURY TRIAL DEMANDED**
1225 Lady Street                  )
Columbia, South Carolina 29201    )
                                  )
JENNIFER CLYBURN REED             )
36 Wildeoak Ct.                   )
Columbia, South Carolina 29223    )
                                  )
CHARTER INSTITUTE AT ERSKINE      )
1201 Maine Street, Suite 300      )
Columbia, South Carolina 29201    )
                                  )

RECEIVED USDC
CLERK, CHARLESTON, SC
2023 APR 18 PM 2: 22

STEVEN ADAMSON, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
MARTIN O'CONNOR, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
STU RODMAN, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
TONY FOSTER, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
GORDON QUERY, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
NOEL BROWNLEE Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )

Amended Complaint                                    2

TODD CARNES, Individually, and            )
in his official capacity as a MEMBER of   )
the Board of Directors of the CHARTER     )
INSTITUTE AT ERSKINE,                     )
1201 Maine Street, Suite 300              )
Columbia, South Carolina 29201            )
                                          )
                    Defendants.           )
                                          )
_____ )

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR INVIDIOUS RACIAL DISCRIMINATION, RETALIATION FOR SEEKING AN OFFICE IN THE U.S. CONGRESS, CONSPIRACY, AND RELATED CLAIMS.

**COMES NOW** the plaintiff, Gregg Marcel Dixon, acting pro se, as and for an Amended Complaint against the defendants above named, states, alleges, and avers as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff, Gregg Marcel Dixon, brings this action to recover damages for invidious racial discrimination resulting to his wrongful termination from defendant Royal Live Oaks Academy of the Arts & Sciences Charter School and retaliation for engaging in protected 1st Amendment speech by seeking public office in a 2022 political campaign to unseat U.S. Congressman James E. Clyburn as the U.S. Representative for South Carolina's 6th Congressional District.

Amended Complaint                                                    3

2.      Plaintiff, Gregg Marcel Dixon, is an experienced, award-winning, African American elementary and middle school teacher, coach, mentor and administrator who has devoted most of his adult life to the education of young children.  Plaintiff enjoyed a highly successful and exceptionally appreciated career for seven years within the Jasper County (SC) School District and then almost entirely at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, from on or about June of 2012 until on or about June of 2022.

3.      Defendants have conspired to knowingly, intentionally, wantonly, recklessly and maliciously destroy plaintiff's distinguished career because of their racial animus and reckless disregard for his constitutional rights.

4.      This is a case of the severe and adverse consequences of invidious racial discrimination in the workplace, where a hostile work environment has destroyed a distinguished career and many loving relationships developed with thousands of school children, parents, and community members developed over more than a decade in public education.

5.      This is a case of the severe and adverse consequences of retaliation by defendants against plaintiff for plaintiff exercising his First Amendment constitutional rights to free speech, right to participate freely in the political and electoral process, and right to freedom of association.

6.      This is a civil action to recover damages for the deprivation of plaintiff's rights or privileges as a citizen of the United States and to be free of racial discrimination in the work place all in violation of 42 U.S.C. § 2000 (a) et seq.; 42 U.S.C. §§ 1981, 1983, 1985, 1986, et seq; Title VII of the Civil Rights Act of 1964; and under the First Amendment to the United States Constitution.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to (i) 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States; and (ii) pursuant to 28 U.S.C. §§ 1343 and 1343, which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of Civil Rights of American citizens; and (iii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iv) under 42 U.S.C. § 2000e, et seq.; (v) 42 U.S.C. §§ 1981, 1982, 1983, 1985 & 1986, et seq., as amended et seq., as amended.

8.     Venue is proper in the Beaufort Division of the District Court of South Carolina pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that the defendants maintains offices, conducts business, and resides in this judicial district, and a substantial portion of the acts that make up the basis of the Complaint occurred within this judicial district.

## DEMAND FOR TRIAL BY JURY

9.     Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to triable.

## NO IMMUNITY UNDER STATE LAW

10.     Plaintiff avers that the wrongful and illegal actions and inactions and omissions of defendants complained of herein were practiced with actual malice and reckless disregard towards plaintiff and his legal rights and property interests, and were willful, and constituted malicious, intentional, willful, outrageous, reckless and flagrant misconduct, so as to deprive the defendants of any immunity under the laws of the State of South Carolina.  Plaintiff further avers that any

State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's federally guaranteed rights cannot be immunized by State law.

**NOTICE OF CLAIMS &**
**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11.    Plaintiff, at all times herein, have satisfied all requirements and conditions precedent to this lawsuit, to wit: plaintiff filed an administrative action with the U.S. Equal Employment Opportunity Commission, with an E.E.O.C. Charge Number being 415-2022-00939 and received a Determination and Notice of Rights letter dated September 29, 2022, relative to the claims alleged herein.

12.    Plaintiff filed his original Complaint within 90 days of receiving the Determination and Notice of Rights letter from the Equal Employment Opportunity Commission.

13.    Furthermore, where such requirements may not have been met, plaintiff aver that such requirements are unconstitutional and are promulgated in violation of the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and constitute a barrier prohibiting plaintiff from satisfying any mandated law, regulation or ordinance regarding a condition precedent to this lawsuit.

**PARTIES**

14.    At all times herein, plaintiff Gregg Marcel Dixon is a citizen of the United States and a resident of the City of Ridgeland, County of Jasper, State of South Carolina.

Amended Complaint                                                                                           6

15.    Plaintiff is an African American male.

16.    Plaintiff was a salaried employee of the defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, having started teaching at the school during the 2012-2013 academic year.

17.    Plaintiff, while teaching at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School selected as: School Teacher of the Year and District Teacher of the Year (2013); Academic Coach of the Year (2017-2018); received a Commendation Letter, South Carolina Department of Education (2020); Rated EVAAS 5 (Highest Rating) as a Teacher for 2015, 2016, 2017; and received bonused based on student performances from 2012 to 2018 and again in 2021 and 2022.

18.    Plaintiff formed the "Committee To Elect Gregg Dixon" with the South Carolina Secretary of State, which was approved by the state on August 6, 2021.

19.    On March 16, 2022, plaintiff filed requisite Democratic Party forms indicating that he intended to run for the South Carolina Congressional seat held by James Clyburn in the 6th Congressional District.

20.    Plaintiff launched a vigorous campaign and appeared on the ballot for the Democratic Primary Election held in June of 2022.

21.    Defendant Royal Live Oaks Academy of the Arts & Sciences Charter School is a public Charter School duly organized and existing under the laws of the State of South Carolina and managed and overseen by defendant Charter Institute at Erskine, pursuant to South Carolina education law.

22.     Defendant Karen Wicks, at all times herein, is the Executive Director of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

23.     Defendant James E. Clyburn is a Democratic Member of the U.S. House of Representatives representing the 6th Congressional District of South Carolina. Congressman Clyburn has been representing the 6th Congressional District since 1993. He is a resident of the State of South Carolina.

24.     Defendant James E. Clyburn is one of the top Democratic leaders in the U.S. Congress, currently serving as the Assistant Democratic Leader in the U.S. House of Representatives and Chairman of the Democratic Faith Working Group. He previously served as the U.S. House Majority Whip from 2007-2011 and 2019- 2022. He served as Chairman of the Congressional Black Caucus and Chair of the House Democratic Caucus. Prior to his tenure in the U.S. Congress, in 1971 Mr. Clyburn was appointed, as the first African America advisor, to then South Carolina Governor John C. West.

25.     Defendant James E. Clyburn has been responsible for the federal funding of projects in South Carolina in FY21, FY22 and FY23 in access of $1,800,000,000 (One-Billion-Eight-Hundred-Million Dollars). During July of 2022, defendant James E. Clyburn announced the awarding of a large federal grant to construct a new Beaufort-Jasper YMCA of The Low Country.

26.     Defendant James E. Clyburn was a candidate for re-election to the U.S. Congress for the 6th Congressional District of South Carolina in 2022 and he currently serves in such position.

27.     Defendant James E. Clyburn is being sued in his individual capacity.

28.     Defendant Jennifer Clyburn Reed is a daughter of defendant James E. Clyburn, a resident of the State of South Carolina.

29.     Defendant Jennifer Clyburn Reed is a political advocate, supporter and campaign advisor to defendant James E. Clyburn.

30.     Defendant Jennifer Clyburn Reed, having been appointed by President Joe Biden, is a Federal Co-Chair of the Southeast Crescent Regional Commission.

31.     Defendant Jennifer Clyburn Reed is being sued in her individual capacity with no challenges or allegations of wrongdoing with any activity in her capacity as a Federal Co-Chair of the Southeast Crescent Regional Commission.

32.     Defendant Charter Institute as Erskine, based in Columbia, South Carolina, is an organization duly authorized by the State of South Carolina to assemble, manage, oversee and operate public charter schools and, at all times herein, is the entity responsible for the ongoing operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School, including the hiring and firing of teachers and staff.

33.     Defendant Steven Adamson, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

34.     Defendant Martin O'Conner, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and

manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

35.    Defendant Stu Rodman, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

36.    Defendant Tony Foster, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

37.    Defendant Gordon Query, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

38.    Defendant Noel Brownlee, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

39.    Defendant Todd Carnes, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

## STATEMENT OF RELEVANT FACTS

40.     Plaintiff was a successful teacher, coach, mentor and administrator for more than a decade at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School with nearly automatic annual renewal contracts up until on or about May 12, 2022.

41.     On or about May 12, 2022 defendants' jointly and collectively decided not to renew plaintiff's teaching contract with defendant Karen Wicks informing plaintiff that his contract would not be renewed for the 2022-2023 academic year citing his insubordinate behavior and less than satisfactory relationships with students and parents.

42.     Defendants admonished plaintiff for being "Too Black" and called for him to reduce the appearance of what they believed were his racial and ethnic characteristics and political speech that alienated him from some students, parents and staff.

43.     Defendant Karen Wicks, acting under the policies, directions and supervision of defendants Charter Institute at Erskine, Steven Adamson, Martin O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee did constructively terminate because of his race and choice to exercise his rights and privileges afforded to him by the First Amendment to the U.S. Constitution.

44.     As memorialized in conversations audio recorded of plaintiff and defendant Karen Wicks, insubordinate behavior and less than satisfactory relationships with students and parents as stated reasons for plaintiff's termination is pretextual and an effort to conceal the real motivation of defendants Karen Wicks, Charter Institute at Erskine, Steven Adamson, Martin

Amended Complaint                                                                                11

O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee which was racial animus and retaliation for his political challenge to defendant James E. Clyburn.

47. Plaintiff, objectively, obtained high performance rating from students who participated on online in-school surveys reaching approval ratings of between 75% and 95% consistently through his career at defendant Royal Live Oak Academy. Plaintiff's approval rating were consistently higher than those of defendant Karen Wick, whose ratings averaged between 16% and 25%.

46. In addition to the student surveys, plaintiff's high performance was measured by the vast amount of messages of support from parents of students.

47. In July of 2021, after discovering that plaintiff intended to engage in political activity, defendants, jointly and collectively, cautioned plaintiff that if he chooses to engage in political activity, specifically, if he choose to run for the Democratic Congressional seat held by defendant James E. Clyburn, it would cost him his job.

48. Defendant Karen Wicks, with approval of defendants Charter Institute at Erskine, Steven Adamson, Martin O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee, did hold a meeting with plaintiff in August of 2022 accusing him of being unpatriotic and disloyal to America because he was an angry Black man.

49. During April of 2022 defendant Jennifer Clyburn Reed began a campaign to discredit plaintiff on social media.

50. In April of 2022, defendant James E. Clyburn publicly attacked plaintiff and moved publicly to discredit plaintiff as a credible candidate for the U.S. Congress and how he, as

Amended Complaint                                                                                      12

a Congressman, will bring funding for projects like a new Beaufort-Jasper YMCA of the Low Country facility.

51.     At a public forum held on May 10, 2022 defendant Jennifer Clyburn Reed attacked plaintiff for his political beliefs and challenge to her father's candidacy.

52.     On May 12, 2022 plaintiff was terminated in a meeting with Karen Wicks who called into question his political activity and plaintiff being an angry Black man who had the audacity to challenge the politically influential defendant James E. Clyburn.

53.     In June of 2022, plaintiff had appeared on the primary election ballot seeking the office of Congressman for the 6th Congressional seat of South Carolina that was held by defendant James E. Clyburn, having waged a vigorous campaign during this primary election.

54.     Notwithstanding defendants' pretextual reasons for the constructive termination of the plaintiff from his decade long teaching position, defendants, acting jointly and severally, did conspire to terminate plaintiff's employment because of invidious racial discrimination and for engaging in constitutionally protected activity.

55.     Any one of the defendants could have prevented or stopped the termination of plaintiff but knowingly and intentionally did not do so because of their racial animus or desire to retaliate against plaintiff because of his political speech and exercising his First Amendment rights.

## COUNT ONE
## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### Violation of 42 U.S.C. Section 1981 & 42 U.S.C. Section 2000 (a)

56.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

57.     Plaintiff alleges that defendants discriminated against him because of his race, relative to his rights to be free from racial discrimination in the making of contracts for employment in violation of 42 U.S.C. Section 1981and enjoying the full benefit of all laws as is enjoyed by white citizens.

58.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

59.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

60.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT TWO
### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### Violation of 42 U.S.C. Section 1981 & 42 U.S.C. Section 2000 (a)
### (Retaliation)

61.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

62.    Plaintiff was retaliated against by defendants because of his race and for engaging in a protected activity as provided under the First Amendment to the U.S. Constitution, running for public office and filing an EEOC complaint and enjoying the full benefit of all laws as is enjoyed by white citizens.

63.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

64.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

65.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT THREE
## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### Violation of U.S.C. Section 1983
### (First Amendment Rights)

66.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

67.    Plaintiff asserts that all defendants, individually and in their official capacities, retaliated against plaintiff, by way of not renewing his contract, because of his race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

68.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

69.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

70.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT FOUR
## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT ROYAL LIVE OAKS ACADEMY
## OF THE ARTS & SCIENCES CHARTER SCHOOL &
## DEFENDANT CHARTER INSTITUTE AT ERSKINE
## FOR VIOLATION OF TITLE VII OF THE
## CIVIL RIGHTS ACT OF 1964

71.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

72.     Plaintiff asserts that the defendants conduct in intentionally discriminating against him because of his race as an African American was knowingly and reckless made in violation of the Title VII of the Civil Rights Act of 1964.

73.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

74.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

75.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

**COUNT FIVE**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Violation of U.S.C. Section 1985**
**(Conspiracy to Interfere with Civil Rights)**

76.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

77.     Plaintiff asserts that all defendants, knowingly and intentionally, individually and in their official capacities, conspired to interfere with the Civil Rights of plaintiff, by way of not renewing his contract, because of his race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

78.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

79.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

80.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

**COUNT SIX**
**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Violation of U.S.C. Section 1986**
**(Failure To Act)**

81.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

82.    Plaintiff asserts that all defendants, each having the power and position to act, did knowingly and intentionally, individually and in their official capacities, failed to act to prevent Plaintiff's civil rights from being violated because of Plaintiff's race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

83.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

84.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

85.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

Amended Complaint                                                                                              19

## PRAYER FOR RELIEF

*WHEREFORE*, plaintiff prays for judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and every Count of this Complaint;

(c) issue a declaratory judgment finding defendants' termination of plaintiff was illegal and unconstitutional;

(d) award plaintiff compensatory damages in the amount of $5,000,000 (Five-Million Dollars);

(e) hold all defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(f) award plaintiff punitive damages against individual defendants;

(g) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

(h) award plaintiff attorney fees and costs;

(i) make further Orders as the Court deem just, necessary and proper.

Respectfully Submitted,

Gregg Marcel Dixon
Plaintiff, Pro Se
3909 Rice Shire
Ridgeland, South Carolina
(843) 305-1358
E-Mail: gmarceldixon@gmail.com

Dated: April 18, 2023
Beaufort, South Carolina

Amended Complaint                                                                                   20

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

GREGG MARCEL DIXON                )
3909 Rice Shire                   )
Ridgeland, South Carolina 29936   )
                                  )
                Plaintiff,        )
                                  )
                                  )
-against-                         )
                                  )
                                  )
ROYAL LIVE OAKS ACADEMY           )
OF THE ARTS & SCIENCES            )
CHARTER SCHOOL                    )
400 John Smith Road               )
Hardeeville, South Carolina 29927 )
                                  )
KAREN WICKS, Individually, and in )
her official capacity as Executive )
Director of ROYAL LIVE OAKS       )
ACADEMY OF THE ARTS &             )
SCIENCES CHARTER SCHOOL           )
400 John Smith Road               )
Hardeeville, South Carolina 29927 )
                                  )
JAMES E. CLYBURN                  )
1225 Lady Street                  )
Columbia, South Carolina 29201    )
                                  )
JENNIFER CLYBURN REED             )
36 Wildeoak Ct.                   )
Columbia, South Carolina 29223    )
                                  )
CHARTER INSTITUTE AT ERSKINE      )
1201 Maine Street, Suite 300      )
Columbia, South Carolina 29201    )

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR INVIDIOUS RACIAL DISCRIMINATION, RETALIATION FOR SEEKING AN OFFICE IN THE U.S. CONGRESS, CONSPIRACY, AND RELATED CLAIMS.**

**CIVIL ACTION**

**CASE NUMBER: 9:22-cv-04198-BHH-MHC**

**JURY TRIAL DEMANDED**

RECEIVED USDC
CLERK, CHARLESTON, SC
2023 APR 18 PM 2:22

STEVEN ADAMSON, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
MARTIN O'CONNOR, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
STU RODMAN, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
TONY FOSTER, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
GORDON QUERY, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
NOEL BROWNLEE Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )

Amended Complaint                                                    2

TODD CARNES, Individually, and )
in his official capacity as a MEMBER of )
the Board of Directors of the CHARTER )
INSTITUTE AT ERSKINE, )
1201 Maine Street, Suite 300 )
Columbia, South Carolina 29201 )
)
              Defendants. )
)
_____)

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR INVIDIOUS RACIAL DISCRIMINATION, RETALIATION FOR SEEKING AN OFFICE IN THE U.S. CONGRESS, CONSPIRACY, AND RELATED CLAIMS.

*COMES NOW the plaintiff, Gregg Marcel Dixon, acting pro se, as and for an Amended Complaint against the defendants above named, states, alleges, and avers as follows:*

### PRELIMINARY STATEMENT

1.      Plaintiff, Gregg Marcel Dixon, brings this action to recover damages for invidious racial discrimination resulting to his wrongful termination from defendant Royal Live Oaks Academy of the Arts & Sciences Charter School and retaliation for engaging in protected 1st Amendment speech by seeking public office in a 2022 political campaign to unseat U.S. Congressman James E. Clyburn as the U.S. Representative for South Carolina's 6th Congressional District.

Amended Complaint                                                     3

2.     Plaintiff, Gregg Marcel Dixon, is an experienced, award-winning, African American elementary and middle school teacher, coach, mentor and administrator who has devoted most of his adult life to the education of young children. Plaintiff enjoyed a highly successful and exceptionally appreciated career for seven years within the Jasper County (SC) School District and then almost entirely at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, from on or about June of 2012 until on or about June of 2022.

3.     Defendants have conspired to knowingly, intentionally, wantonly, recklessly and maliciously destroy plaintiff's distinguished career because of their racial animus and reckless disregard for his constitutional rights.

4.     This is a case of the severe and adverse consequences of invidious racial discrimination in the workplace, where a hostile work environment has destroyed a distinguished career and many loving relationships developed with thousands of school children, parents, and community members developed over more than a decade in public education.

5.     This is a case of the severe and adverse consequences of retaliation by defendants against plaintiff for plaintiff exercising his First Amendment constitutional rights to free speech, right to participate freely in the political and electoral process, and right to freedom of association.

6.     This is a civil action to recover damages for the deprivation of plaintiff's rights or privileges as a citizen of the United States and to be free of racial discrimination in the work place all in violation of 42 U.S.C. § 2000 (a) et seq.; 42 U.S.C. §§ 1981, 1983, 1985, 1986, et seq; Title VII of the Civil Rights Act of 1964; and under the First Amendment to the United States Constitution.

Amended Complaint                                                               4

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to (i) 28 U.S.C.

§ 1331, which confers original jurisdiction upon this Court for actions arising under the laws of

the United States; and (ii) pursuant to 28 U.S.C. §§ 1343 and 1343, which confer original

jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under

any Act of Congress providing for the protection of Civil Rights of American citizens; and (iii)

under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and (iv) under 42 U.S.C. § 2000e, et

seq.; (v) 42 U.S.C. §§ 1981, 1982, 1983, 1985 & 1986, et seq., as amended et seq., as amended.

8.     Venue is proper in the Beaufort Division of the District Court of South Carolina

pursuant to 28 U.S.C. §§ 1391(b)(1) and (c), in that the defendants maintains offices, conducts

business, and resides in this judicial district, and a substantial portion of the acts that make up the

basis of the Complaint occurred within this judicial district.

## DEMAND FOR TRIAL BY JURY

9.     Pursuant to Rule 38(b) FRCP, the plaintiff hereby demands a jury of all issues to

triable.

## NO IMMUNITY UNDER STATE LAW

10.     Plaintiff avers that the wrongful and illegal actions and inactions and omissions of

defendants complained of herein were practiced with actual malice and reckless disregard towards

plaintiff and his legal rights and property interests, and were willful, and constituted malicious,

intentional, willful, outrageous, reckless and flagrant misconduct, so as to deprive the defendants

of any immunity under the laws of the State of South Carolina.  Plaintiff further avers that any

State law, ordinance, proclamation, regulation, statute, etc., pursuant to which defendants claim they acted, is unconstitutional, and the defendants' conduct pursuant to any State law, ordinance, proclamation, regulation, statute, etc., which violated plaintiff's federally guaranteed rights cannot be immunized by State law.

### NOTICE OF CLAIMS & EXHAUSTION OF ADMINISTRATIVE REMEDIES

11.     Plaintiff, at all times herein, have satisfied all requirements and conditions precedent to this lawsuit, to wit: plaintiff filed an administrative action with the U.S. Equal Employment Opportunity Commission, with an E.E.O.C. Charge Number being 415-2022-00939 and received a Determination and Notice of Rights letter dated September 29, 2022, relative to the claims alleged herein.

12.     Plaintiff filed his original Complaint within 90 days of receiving the Determination and Notice of Rights letter from the Equal Employment Opportunity Commission.

13.     Furthermore, where such requirements may not have been met, plaintiff aver that such requirements are unconstitutional and are promulgated in violation of the Due Process and Equal Protection Clauses of the 14th Amendment of the United States Constitution and constitute a barrier prohibiting plaintiff from satisfying any mandated law, regulation or ordinance regarding a condition precedent to this lawsuit.

### PARTIES

14.     At all times herein, plaintiff Gregg Marcel Dixon is a citizen of the United States and a resident of the City of Ridgeland, County of Jasper, State of South Carolina.

Amended Complaint                                                                                          6

15.     Plaintiff is an African American male.

16.     Plaintiff was a salaried employee of the defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School, having started teaching at the school during the 2012-2013 academic year.

17.     Plaintiff, while teaching at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School selected as: School Teacher of the Year and District Teacher of the Year (2013); Academic Coach of the Year (2017-2018); received a Commendation Letter, South Carolina Department of Education (2020); Rated EVAAS 5 (Highest Rating) as a Teacher for 2015, 2016, 2017; and received bonused based on student performances from 2012 to 2018 and again in 2021 and 2022.

18.     Plaintiff formed the "Committee To Elect Gregg Dixon" with the South Carolina Secretary of State, which was approved by the state on August 6, 2021.

19.     On March 16, 2022, plaintiff filed requisite Democratic Party forms indicating that he intended to run for the South Carolina Congressional seat held by James Clyburn in the 6th Congressional District.

20.     Plaintiff launched a vigorous campaign and appeared on the ballot for the Democratic Primary Election held in June of 2022.

21.     Defendant Royal Live Oaks Academy of the Arts & Sciences Charter School is a public Charter School duly organized and existing under the laws of the State of South Carolina and managed and overseen by defendant Charter Institute at Erskine, pursuant to South Carolina education law.

Amended Complaint                                                                                    7

22. Defendant Karen Wicks, at all times herein, is the Executive Director of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

23. Defendant James E. Clyburn is a Democratic Member of the U.S. House of Representatives representing the 6th Congressional District of South Carolina. Congressman Clyburn has been representing the 6th Congressional District since 1993. He is a resident of the State of South Carolina.

24. Defendant James E. Clyburn is one of the top Democratic leaders in the U.S. Congress, currently serving as the Assistant Democratic Leader in the U.S. House of Representatives and Chairman of the Democratic Faith Working Group. He previously served as the U.S. House Majority Whip from 2007-2011 and 2019- 2022. He served as Chairman of the Congressional Black Caucus and Chair of the House Democratic Caucus. Prior to his tenure in the U.S. Congress, in 1971 Mr. Clyburn was appointed, as the first African America advisor, to then South Carolina Governor John C. West.

25. Defendant James E. Clyburn has been responsible for the federal funding of projects in South Carolina in FY21, FY22 and FY23 in access of $1,800,000,000 (One-Billion-Eight-Hundred-Million Dollars). During July of 2022, defendant James E. Clyburn announced the awarding of a large federal grant to construct a new Beaufort-Jasper YMCA of The Low Country.

26. Defendant James E. Clyburn was a candidate for re-election to the U.S. Congress for the 6th Congressional District of South Carolina in 2022 and he currently serves in such position.

27.    Defendant James E. Clyburn is being sued in his individual capacity.

28.    Defendant Jennifer Clyburn Reed is a daughter of defendant James E. Clyburn, a resident of the State of South Carolina.

29.    Defendant Jennifer Clyburn Reed is a political advocate, supporter and campaign advisor to defendant James E. Clyburn.

30.    Defendant Jennifer Clyburn Reed, having been appointed by President Joe Biden, is a Federal Co-Chair of the Southeast Crescent Regional Commission.

31.    Defendant Jennifer Clyburn Reed is being sued in her individual capacity with no challenges or allegations of wrongdoing with any activity in her capacity as a Federal Co-Chair of the Southeast Crescent Regional Commission.

32.    Defendant Charter Institute as Erskine, based in Columbia, South Carolina, is an organization duly authorized by the State of South Carolina to assemble, manage, oversee and operate public charter schools and, at all times herein, is the entity responsible for the ongoing operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School, including the hiring and firing of teachers and staff.

33.    Defendant Steven Adamson, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

34.    Defendant Martin O'Conner, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and

manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

35. Defendant Stu Rodman, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

36. Defendant Tony Foster, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

37. Defendant Gordon Query, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

38. Defendant Noel Brownlee, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

39. Defendant Todd Carnes, at all times herein, is a Member of the Board of Directors of the defendant Charter Institute at Erskine, with non-delegable duties to oversee and manage the operations of defendant Royal Live Oaks Academy of the Arts & Sciences Charter School.

## STATEMENT OF RELEVANT FACTS

40.     Plaintiff was a successful teacher, coach, mentor and administrator for more than a decade at defendants' Royal Live Oaks Academy of the Arts & Sciences Charter School with nearly automatic annual renewal contracts up until on or about May 12, 2022.

41.     On or about May 12, 2022 defendants' jointly and collectively decided not to renew plaintiff's teaching contract with defendant Karen Wicks informing plaintiff that his contract would not be renewed for the 2022-2023 academic year citing his insubordinate behavior and less than satisfactory relationships with students and parents.

42.     Defendants admonished plaintiff for being "Too Black" and called for him to reduce the appearance of what they believed were his racial and ethnic characteristics and political speech that alienated him from some students, parents and staff.

43.     Defendant Karen Wicks, acting under the policies, directions and supervision of defendants Charter Institute at Erskine, Steven Adamson, Martin O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee did constructively terminate because of his race and choice to exercise his rights and privileges afforded to him by the First Amendment to the U.S. Constitution.

44.     As memorialized in conversations audio recorded of plaintiff and defendant Karen Wicks, insubordinate behavior and less than satisfactory relationships with students and parents as stated reasons for plaintiff's termination is pretextual and an effort to conceal the real motivation of defendants Karen Wicks, Charter Institute at Erskine, Steven Adamson, Martin

O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee which was racial animus and retaliation for his political challenge to defendant James E. Clyburn.

45.     Plaintiff, objectively, obtained high performance rating from students who participated on online in-school surveys reaching approval ratings of between 75% and 95% consistently through his career at defendant Royal Live Oak Academy. Plaintiff's approval rating were consistently higher than those of defendant Karen Wick, whose ratings averaged between 16% and 25%.

46.     In addition to the student surveys, plaintiff's high performance was measured by the vast amount of messages of support from parents of students.

47.     In July of 2021, after discovering that plaintiff intended to engage in political activity, defendants, jointly and collectively, cautioned plaintiff that if he chooses to engage in political activity, specifically, if he choose to run for the Democratic Congressional seat held by defendant James E. Clyburn, it would cost him his job.

48.     Defendant Karen Wicks, with approval of defendants Charter Institute at Erskine, Steven Adamson, Martin O'Connor, Stu Rodman, Tony Foster, Gordon Query, Todd Carnes and Noel Brownlee, did hold a meeting with plaintiff in August of 2022 accusing him of being unpatriotic and disloyal to America because he was an angry Black man.

49.     During April of 2022 defendant Jennifer Clyburn Reed began a campaign to discredit plaintiff on social media.

50.     In April of 2022, defendant James E. Clyburn publicly attacked plaintiff and moved publicly to discredit plaintiff as a credible candidate for the U.S. Congress and how he, as

a Congressman, will bring funding for projects like a new Beaufort-Jasper YMCA of the Low Country facility.

51.     At a public forum held on May 10, 2022 defendant Jennifer Clyburn Reed attacked plaintiff for his political beliefs and challenge to her father's candidacy.

52.     On May 12, 2022 plaintiff was terminated in a meeting with Karen Wicks who called into question his political activity and plaintiff being an angry Black man who had the audacity to challenge the politically influential defendant James E. Clyburn.

53.     In June of 2022, plaintiff had appeared on the primary election ballot seeking the office of Congressman for the 6th Congressional seat of South Carolina that was held by defendant James E. Clyburn, having waged a vigorous campaign during this primary election.

54.     Notwithstanding defendants' pretextual reasons for the constructive termination of the plaintiff from his decade long teaching position, defendants, acting jointly and severally, did conspire to terminate plaintiff's employment because of invidious racial discrimination and for engaging in constitutionally protected activity.

55.     Any one of the defendants could have prevented or stopped the termination of plaintiff but knowingly and intentionally did not do so because of their racial animus or desire to retaliate against plaintiff because of his political speech and exercising his First Amendment rights.

**COUNT ONE**
**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Violation of 42 U.S.C. Section 1981 & 42 U.S.C. Section 2000 (a)**

56.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

57.     Plaintiff alleges that defendants discriminated against him because of his race, relative to his rights to be free from racial discrimination in the making of contracts for employment in violation of 42 U.S.C. Section 1981and enjoying the full benefit of all laws as is enjoyed by white citizens.

58.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

59.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

60.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

Amended Complaint                                                                                          14

## COUNT TWO
## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
### Violation of 42 U.S.C. Section 1981 & 42 U.S.C. Section 2000 (a)
### (Retaliation)

61.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

62.    Plaintiff was retaliated against by defendants because of his race and for engaging in a protected activity as provided under the First Amendment to the U.S. Constitution, running for public office and filing an EEOC complaint and enjoying the full benefit of all laws as is enjoyed by white citizens.

63.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

64.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

65.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

**COUNT THREE**
**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Violation of U.S.C. Section 1983**
**(First Amendment Rights)**

66.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

67.     Plaintiff asserts that all defendants, individually and in their official capacities, retaliated against plaintiff, by way of not renewing his contract, because of his race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

68.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

69.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

70.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

Amended Complaint                                                                                           16

**COUNT FOUR**
**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST DEFENDANT ROYAL LIVE OAKS ACADEMY**
**OF THE ARTS & SCIENCES CHARTER SCHOOL &**
**DEFENDANT CHARTER INSTITUTE AT ERSKINE**
**FOR VIOLATION OF TITLE VII OF THE**
**CIVIL RIGHTS ACT OF 1964**

71.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

72.    Plaintiff asserts that the defendants conduct in intentionally discriminating against him because of his race as an African American was knowingly and reckless made in violation of the Title VII of the Civil Rights Act of 1964.

73.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

74.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

75.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

**COUNT FIVE**
**AS AND FOR A FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**Violation of U.S.C. Section 1985**
**(Conspiracy to Interfere with Civil Rights)**

76.     The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

77.     Plaintiff asserts that all defendants, knowingly and intentionally, individually and in their official capacities, conspired to interfere with the Civil Rights of plaintiff, by way of not renewing his contract, because of his race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

78.     Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

79.     Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

80.     Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

## COUNT SIX
## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## Violation of U.S.C. Section 1986
## (Failure To Act)

81.    The plaintiff realleges each and every allegation set forth herein above as if repeated verbatim.

82.    Plaintiff asserts that all defendants, each having the power and position to act, did knowingly and intentionally, individually and in their official capacities, failed to act to prevent Plaintiff's civil rights from being violated because of Plaintiff's race and because he chose to run for elected public office and exercise his rights and privileges secured by the Constitution and laws of the United States, as provided by the First Amendment to the U.S. Constitution.

83.    Plaintiff has suffered humiliation, emotional distress, anxiety, and stress, as well as other physical injuries as a result of defendants' actions.

84.    Plaintiff avers that defendants, individually and collectively, knew or should have known with the exercise of reasonable care, that they were acting in a willful, malicious, wanton and reckless manner as it relates to the violations of plaintiff's constitutional rights and, therefore, plaintiff is entitled to compensatory, consequential, actual, and punitive damages, as well as costs and attorney fees.

85.    Further, plaintiff asserts that each individual defendant should be subject to punitive damages for the willful, wanton and reckless violation of plaintiff's constitutional rights, particularly his rights to free speech, assembly and to seek public office.

Amended Complaint                                                                                          19

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment against the defendants as follows:

(a) that this Court assume jurisdiction of this matter;

(b) issue and Order finding defendants in violation of all allegations in each and every Count of this Complaint;

(c) issue a declaratory judgment finding defendants' termination of plaintiff was illegal and unconstitutional;

(d) award plaintiff compensatory damages in the amount of $5,000,000 (Five-Million Dollars);

(e) hold all defendants joint and severally liable for compensatory damages awarded to plaintiff, and *in so lido* for such damages;

(f) award plaintiff punitive damages against individual defendants;

(g) retain jurisdiction of this action until defendants have fully complied with all Orders of the Court;

(h) award plaintiff attorney fees and costs;

(i) make further Orders as the Court deem just, necessary and proper.


Respectfully Submitted,

Gregg Marcel Dixon
Plaintiff, Pro Se
3909 Rice Shire
Ridgeland, South Carolina
(843) 305-1358
E-Mail:  gmarceldixon@gmail.com

Dated:  April 18, 2023
         Beaufort, South Carolina